UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATS OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR MARTINEZ HERNANDEZ,<br><br>    Defendant. | No. CR-98-2073-FVS<br>No. CR-98-2132-FVS<br><br>ORDER |

The Court has received a Mandate from the Ninth Circuit Court of Appeals with a limited remand for further proceedings consistent with *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005). Mandate filed September 9, 2005. (Ct. Rec. 106).

**BACKGROUND**

On October 16, 1998, the Defendant was convicted of being a felon in possession of a firearm under CR-98-2073-FVS. Thereafter, the Defendant was found guilty of conspiracy to export cocaine, in CR-98-2123-FVS. The Defendant was sentenced for both of these offenses on December 9, 1999, under the then-mandatory United States Sentencing Guidelines. The Ninth Circuit affirmed the judgment and sentence in a memorandum opinion filed August 22, 2001. The Defendant filed a Section 2255 motion on May 10, 2002. The Court granted the motion and re-sentenced the Defendant on May 7, 2003, sentencing the Defendant to the same term of imprisonment originally sentenced. The Defendant appealed.

ORDER - 1

**DISCUSSION**

The Ninth Circuit has determined that when faced with an un-preserved *Booker*[1] error that may have affected a defendant's substantial rights, a limited remand to the district court is appropriate for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the Sentencing Guidelines were advisory only. *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005). The limited remand procedure is also applied to cases involving non-constitutional *Booker* error. *United States v. Moreno-Hernandez,* 419 F.3d 906 (9th Cir. 2005). The Ninth Circuit has ordered a limited remand in this case. Accordingly,

**IT IS HEREBY ORDERED:**

1. This matter is referred to Magistrate Judge Leavitt for the appointment of counsel to represent Defendant on this limited remand.

2. The Probation Officer shall promptly provide a copy of the original presentence investigation report to the Court, counsel for the Defendant, and the Government.

3. The parties shall file simultaneous briefing, limited to 10 (ten) pages, no later than 21 days from the date of this Order on the question of whether the sentence imposed in this case would have been materially different had the Court known that the Guidelines were advisory rather than mandatory.

4 The Defendant may avoid re-sentencing by notifying the Court in his briefing that re-sentencing is not sought.

---

[1] *United States v. Booker,* 125 S. Ct. 738 (2005).

ORDER - 2

5. The matter shall be set for hearing without oral argument 14 days after the briefing deadline established in paragraph three.

6. The Government's Motion for Reconsideration, **Ct. Rec. 109 in CR-98-2073-FVS**, is **GRANTED. The Defendant's Sentencing Hearing set for October 27, 2005, at 10:00 a.m. in Yakima, Washington, is VACATED.**

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and furnish copies to counsel, Magistrate Judge Leavitt **AND TO** the Spokane United States Probation Office.

**DATED** this 14th day of October, 2005.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER - 3