UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>          v.<br><br>VICTOR SANCHEZ-GARCIA,<br><br>                          Defendant. | CR-98-2073-FVS<br><br>ORDER DENYING RESENTENCING |

**THIS MATTER** comes before the Court without oral argument based upon the defendant's motion for resentencing pursuant to Amendment 794 and 18 U.S.C. § 3582(c)(2).

**BACKGROUND**

On June 9, 1998, the defendant was charged in CR-98-2073-FVS with the crime of felon in possession of a firearm.  18 U.S.C. § 922(g)(1).  He pleaded guilty on October 16, 1998.

On November 17, 1998, Mr. Sanchez-Garcia was charged in CR-98-2132-FVS with the crime of conspiracy to export a controlled substance.  18 U.S.C. § 963.  He was convicted by a jury during 1999.  On December 8, 1999, he was

Order ~ 1

sentenced in both CR-98-2073-FVS (felon in possession) and CR-98-2132-FVS (conspiracy to export a controlled substance).  The Ninth Circuit affirmed both judgments.

On May 10, 2002, Mr. Sanchez-Garcia moved to vacate.  28 U.S.C. § 2255.

On May 7, 2003, the Court resentenced Mr. Sanchez-Garcia.  In CR-98-2073-FVS, the Court imposed a term of 120 months imprisonment.  In CR-98-2132-FVS, the Court imposed a term of 360 months imprisonment.  The Court ordered the two terms to run concurrently with each other and with a 51-month term of imprisonment that had been imposed in the United States District Court for the Western District of Washington.

On August 13, 2004, the Ninth Circuit affirmed Mr. Sanchez-Garcia's new sentences.  In doing so, the circuit court decided the remaining issues he raised in his § 2255 motion were moot given the fact he had been resentenced.

On January 24, 2005, the Supreme Court granted Mr. Sanchez-Garcia's petition for a writ of certiorari and remanded for further proceedings in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

On July 11, 2005, the Ninth Circuit again rejected all of the issues Mr. Sanchez-Garcia raised in his § 2255 motion.  However, the circuit court remanded both CR-98-2073-FVS (felon in possession) and CR-98-2132-FVS

Order ~ 2

(conspiracy to export a controlled substance) for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005).

On June 7, 2006, the Court declined to again resentence Mr. Sanchez-Garcia.

On November 6, 2015, the Court denied Mr. Sanchez-Garcia's request for resentencing in CR-98-2073-FVS.  He appealed.  The Ninth Circuit dismissed his appeal on April 6, 2016.

On April 29, 2016, the Court denied the defendant's request for judicial review of the Bureau of Prison's alleged failure to implement the judgments that were entered in CR-98-2073-FVS and CR-98-2132-FVS.

**RELIEF REQUESTED**

A sentencing court may reduce a defendant's offense level when he "plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity."  U.S.S.G. § 3B1.2, comment. (n.3(A)).  Amendment 794 clarifies the criteria a sentencing court should use when asked to reduce a defendant's offense level based upon his allegedly mitigating role in the offense.  See  U.S.S.G. § 3B1.2.  On August 19, 2016, the defendant requested resentencing pursuant to Amendment 794 and 18 U.S.C. § 3582(c)(2).

Order ~ 3

1  **RULING**

2      A federal prisoner may request resentencing if (1) he is serving "a term of

3  imprisonment based on a sentencing range that has subsequently been lowered

4  by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," . . . and (2) "a

5  reduction is consistent with applicable policy statements issued by the

6  Sentencing Commission."  18 U.S.C. § 3582(c)(2) (emphasis added).  In this

7  context, when § 3582(c)(2) speaks of an "applicable policy statement," it is

8  referring to U.S.S.G. § 1B1.10.  *See United States v. Ornelas*, 825 F.3d 548, ___ (9th

9  Cir.2016).  A sentence reduction is consistent with § 1B1.10 if the reduction is

10  authorized by one of the amendments that is listed in section (d) of that

11  guideline.  U.S.S.G. § 1B1.10(a)(1).  By contrast, a sentence reduction "is not

12  consistent with this policy statement and therefore is not authorized under 18

13  U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) is

14  applicable to the defendant[.]"  U.S.S.G. § 1B1.10(a)(2).  Thus, the first step in

15  analyzing a request for resentencing under § 3582(c)(2) is to consult the list of

16  amendments in U.S.S.G. § 1B1.10(d).  If the amendment upon which the prisoner

17  is basing his request for resentencing is not listed in § 1B1.10(d), then the

18  requested reduction is inconsistent with the applicable policy statement (*i.e.*, §

19  1B1.10); and since it is inconsistent, it is not permitted by § 3582(c)(2).

Order ~ 4

In this instance, the defendant is relying upon Amendment 794.  However, that amendment is not listed in the version of § 1B1.10(d) that became effective on November 15, 2015.  Given Amendment 794's absence from the list, the defendant's request for resentencing pursuant to that amendment is inconsistent with § 1B1.10 (*i.e.*, the applicable policy statement).  Consequently, he is not eligible for resentencing under § 3582(c)(2).

**IT IS HEREBY ORDERED**:

The defendant's request for resentencing  (**ECF No. 151**) is **denied.**

**IT IS SO ORDERED**.  The District Court Executive is hereby directed to file this order and furnish copies to the defendant and to counsel for the plaintiff.

**DATED** this 29th day of August, 2016.


s/Fred Van Sickle
FRED VAN SICKLE
Senior United States District Judge

Order ~ 5